## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARTY WHITFIELD, | ) |
| FRED BACKMAN, EDWIN BLAINE, | ) |
| LEON BROWN, MARK FRAZIER, | ) CIVIL ACTION FILE NO.: |
| ERROL HART, DAVID JOHNSON, | ) |
| JOHNNY JOHNSON, JASON MILLS, | ) |
| DEXTER ROWLAND, | ) |
| DEVON THOMPSON, | ) |
| LOLITA WILLIAMS | ) |
| Individually and | ) JURY TRIAL DEMANDED |
| On Behalf of All Others Similarly | ) |
| Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ENDEAVOR TELECOM, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys of record, and hereby file this Complaint for damages against Defendant Endeavor Telecom, Inc. (hereinafter "Endeavor") or ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds showing as follows:

1

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1), as Defendant has its registered agent in this District.  Venue is also appropriate in this District pursuant to 29 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.

Plaintiff Marty Whitfield is a former employee of Endeavor Telecom, Inc., having been employed from on or about August, 2012 through February, 2014 as a mobile field services technician.

4.

Plaintiff Fred Backman is a former employee of Endeavor Telecom, Inc., having been employed from on or about February, 2013 through December, 2013 as a mobile field services technician.

5.

Plaintiff Leon Brown is a former employee of Endeavor Telecom, Inc.,

having been employed from on or about January, 2013 through May, 2013 as a

mobile field services technician.

6.

Plaintiff Edwin Blaine is a former employee of Endeavor Telecom, Inc.,

having been employed from on or about September, 2012 through January, 2014 as

a mobile field services technician.

7.

Plaintiff Mark Frazier is a former employee of Endeavor Telecom, Inc.,

having been employed from on or about January, 2013 through November, 2013 as

a mobile field services technician.

8.

Plaintiff Errol Hart is a former employee of Endeavor Telecom, Inc., having

been employed from on or about July, 2012 through April, 2013 as a mobile field

services technician.

9.

Plaintiff David Johnson is a former employee of Endeavor Telecom, Inc.,

having been employed from on or about February, 2013 through August, 2013 as a

mobile field services technician.

10.

Plaintiff Johnny Johnson is a former employee of Endeavor Telecom, Inc., having been employed from on or about June, 2012 through October, 2013 as a mobile field services technician.

11.

Plaintiff Jason Mills is a former employee of Endeavor Telecom, Inc., having been employed from on or about January, 2014 through October, 2014 as a mobile field services technician.

12.

Plaintiff Dexter Rowland is a former employee of Endeavor Telecom, Inc., having been employed from on or about August, 2013 through February, 2015 as a mobile field services technician.

13.

Plaintiff Devon Thompson is a former employee of Endeavor Telecom, Inc., having been employed from on or about November, 2012 through December, 2013 as a mobile field services technician.

14.

Plaintiff Lolita Williams is a former employee of Endeavor Telecom, Inc., having been employed from on or about October, 2012 through December, 2014 as

4

a mobile field services technician.

15.

Defendant Endeavor Telecom, Inc. (herein referred to as "Defendant") is a foreign Delaware corporation. Defendant may be served with process via service on its registered agent, Corporation Service Company, 40 Technology Parkway South Suite 300, Norcross, Georgia 30092.

16.

Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS AND THE CLASS THEY REPRESENT

17.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b). Each individual Plaintiff's Consent to Become a Party Plaintiff in this FLSA Action is filed herewith as Exhibit "A."

18.

This action is brought by former and current employees of Defendant on behalf of all current and former employees who are or were employed by Defendant as mobile field services technicians purportedly as independent contractors who installed Digital Life home security systems, and who were not

paid overtime pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (herein referred to as "FLSA"), based upon Defendant's common policy of misclassifying them as independent contractors and failing to properly compensate them for overtime worked and earned in the manner stated herein.

19.

Plaintiffs and the class they represent were and/or are employees engaged in commerce by providing installation services on behalf of Defendant using parts and materials provided by Defendant sourced from outside the state of Georgia.

20.

Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, i.e., a nationwide field services provider doing business in many states as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

21.

Plaintiffs and the class they represent were and/or are an "employee[s]" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

22.

Defendant is primarily engaged in providing wholesale field services to customers in many states.

23.

Defendant advertised itself as available to provide field services throughout North America.

24.

In 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

In 2013, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

In 2014, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

In 2015, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

Defendant was or is the "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

29.

Defendant improperly classified Plaintiffs and the class they represent as independent contractors and not employees, pursuant to Defendant's scheme to avoid paying overtime pay as required by the FLSA.

30.

In reality, Plaintiffs were employees and not independent contractors.

31.

Defendant controlled the work done by Plaintiffs and the class they represent by deciding what work must be done, when it must be done, where it must be done, and how the work must be done.

32.

Defendant required Plaintiffs and the class they represent to attend Defendant's extensive training in order to learn how the work must be done.

33.

Defendant determined Plaintiffs and the class they represent would be compensated in the form of a fixed hourly rate of compensation for the work

performed; therefore, there was no opportunity for profit or loss on behalf of Plaintiffs and the class they represent.

34.

Defendant owned and controlled the equipment and materials used by Plaintiffs and the class they represent and which were necessary for accomplishing the work.

35.

For example, Defendant provided Plaintiffs and the class they represent with a work vehicle.

36.

Plaintiffs and the class they represent made no investment in and had no ownership interest in or control over such equipment and materials.

37.

Plaintiffs and the class they represent had no investment in any aspect of the Defendant's business.

38.

There was no actual or potential return on investment for the Plaintiffs and the class they represent.

39.

Plaintiffs and the class they represent were not required to have any special

skills or training before being employed by Defendant.

40.

After commencing work, Plaintiffs and the class they represent were trained

by Defendant regarding how the required work must be performed.

41.

Plaintiffs and the class they represent were given scripts to use during

interactions with customers.

42.

The working relationship between Defendant and each of the Plaintiffs, and

each member of the class they represent, was not for a fixed and definite time

period, and it was not terminated upon completion of a work project.

43.

Instead, the working relationship continued indefinitely until either

Defendant, or each Plaintiff and each member of the class they represent, decided

to end the relationship.

44.

The work done by Plaintiffs and the class they represent was an integral and

essential part of Defendant's business.

45.

Defendant's primary business was providing wholesale field services and Plaintiffs and the class they represent performed those field services on behalf of Defendant.

46.

Plaintiffs and the class they represent had no separate, operating, independent business apart from working as employees of Defendant during their employment with Defendant.

47.

The work performed for Defendant by Plaintiffs and the class they represent was their only means of livelihood.

48.

Plaintiffs and the class they represent were not engaged in their own business.

49.

The purported "independent contractor agreement" was created and imposed upon Plaintiffs and the class they represent by Defendant unilaterally.

50.

Plaintiffs and the class they represent were not allowed to modify or negotiate any of the terms of the purported "independent contractor agreement".

51.

The "economic reality" of the relationship between Defendant and each Plaintiff, and each member of the class they represent, as manifested by all the incidents of employment, reflect an employer-employee relationship.

52.

Plaintiffs and the class they represent were paid by Defendant based on each hour worked for Defendant.

53.

All of Defendant's pay records for Plaintiffs and the class they represent reflect that Plaintiffs and the class they represent were paid by the hour and were not salaried employees.

54.

Plaintiffs and the class they represent were paid at least Twenty Dollars ($20.00) per hour for all recorded work hours.

55.

Throughout Plaintiffs' employment with Defendant, and the employment of

each member of the class they represent, each routinely worked in excess of forty (40) hours per week.

56.

Plaintiffs and the class they represent would work many hours of which Defendant was aware, for which they received no compensation from Defendant.

57.

For example, Plaintiffs and the class they represent would organize and restock the inventory in their work vehicle and were not compensated for spending the time required to do so.

58.

Defendant new or should have known Plaintiffs and the class they represent were working hours for which they were not compensated.

59.

Plaintiffs and the class they represent were not subject to any exemption from the overtime pay requirements of the FLSA.

60.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

61.

Plaintiffs and each member of the class they represent are required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

62.

Defendant knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

63.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime.

64.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

65.

Defendant has refused to adequately compensate Plaintiffs and the class they represent for work in excess of forty hours per pay period, at the rates required by

law, and have willfully refused to rectify the situation.

66.

Defendant is liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

67.

Defendant's conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

**CLAIMS FOR RELIEF**
**COUNT ONE:  VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216**

68.

Paragraphs 1 through 67 are incorporated herein by this reference.

69.

Defendant's failure to compensate Plaintiffs and the class they represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.   Such violation is intentional and

willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling

100% of overtime due each Plaintiff, as required by the FLSA;

(g) Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(i) Award Plaintiffs and each member of the class they represent nominal damages;

(j) Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation; and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 1st day of June, 2015.

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357

THE LAW OFFICE OF BENJAMIN B. KANDY LLC
534 Medlock Road, Suite 109
Decatur, Georgia 30030
(678) 824-2251    Telephone

(678) 401-0398     Facsimile
ben@bkandylaw.com

/s/Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888

DeLONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150     Telephone
(404) 979-3157     Facsimile
benjamin@dcbflegal.com

18

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARTY WHITFIELD, | ) |
| FRED BACKMAN, EDWIN BLAINE, | ) |
| LEON BROWN, MARK FRAZIER, | ) CIVIL ACTION FILE NO.: |
| ERROL HART, DAVID JOHNSON, | ) |
| JOHNNY JOHNSON, JASON MILLS, | ) |
| DEXTER ROWLAND, | ) |
| DEVON THOMPSON, | ) |
| LOLITA WILLIAMS | ) |
| Individually and | ) JURY TRIAL DEMANDED |
| On Behalf of All Others Similarly | ) |
| Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ENDEAVOR TELECOM, INC. | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that

this pleading was prepared with Times New Roman (14 point), one of the fonts and

point selections approved by the Court in local Rule 5.1 C, N.D. Ga.

/s/ Benjamin B. Kandy  
Benjamin B. Kandy  
Georgia Bar No. 765357

THE LAW OFFICE OF BENJAMIN B. KANDY LLC  
534 Medlock Road, Suite 109

20

Decatur, Georgia 30030
Telephone:  (678) 824-2251
Facsimile:   (678) 401-0398
ben@bkandylaw.com