UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTY WHITFIELD ) <br> FRED BACKMAN, EDWIN BLAINE, ) <br> LEON BROWN, MARK FRAZIER, ) <br> ERROL HART, DAVID JOHNSON, ) <br> JOHNNY JOHNSON, JASON MILLS, ) <br> DEXTER ROWLAND, ) <br> DEVON THOMPSON, ) <br> LOLITA WILLIAMS, individually and ) <br> on behalf of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ENDEAVOR TELECOM, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil No. 1:15-cv-01959-LMM |

## JOINT MOTION TO APPROVE SETTLEMENT AND
## TO DISMISS ACTION WITH PREJUDICE

Plaintiffs Marty Whitfield, Fred Backman, Edwin Blaine, Leon Brown, Mark Frazier, Errol Hart, David Johnson, Johnny Johnson, Jason Mills, Dexter Rowland, Devon Thompson, and Lolita Williams, as well as Opt-In Plaintiffs Shawn Smith, Jahmal Standley, Eric Whitley, Marcus Arnold, and Robert King (herein collectively referred to as "Plaintiffs"), and Defendant Endeavor Telecom, Inc. ("Defendant"), have reached a settlement (the "Settlement") with respect to Plaintiffs' claims against Defendant.

The Settlement was reached after months of investigation and arms-length negotiations, which culminated in a full-day mediation before experienced wage-hour mediator Hunter R. Hughes on January 14, 2016. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, Plaintiffs and Defendant request that the Court enter the Consent Order Approving Settlement and Dismissing the Action with Prejudice, attached as Exhibit A. Plaintiffs' Counsel will submit additional Declarations in support of this Motion. In support of this Motion, the Parties jointly state as follows:

## I.     Background

Plaintiffs served Defendant with the Summons and Complaint in the above-captioned action on Friday, September 25, 2015. (Dkt. No. 8, ¶ 1.) Plaintiffs claimed, in a putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, that they were non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours worked over 40 in a workweek. (Dkt. No. 1.) Defendant denies Plaintiffs' allegations in their entirety. The Parties agreed to, and this Court granted, an extension of Defendant's time to answer or otherwise respond to Plaintiffs' Complaint, through and including October 30, 2015. (Dkt. No. 9.) On October 29, 2015, this Court granted the Parties' Joint Motion to Stay Pending Mediation. (Dkt. No. 11.)

The Parties chose to mediate this case because it presented a number of complex substantive and procedural questions that would be both costly and time-consuming to litigate.  For instance, while Plaintiffs alleged they were employees of Defendant, Plaintiffs entered into independent contractor agreements with Defendant that stated Plaintiffs could, among other things, work for other companies, including Defendant's competitors; accept or reject work from Defendant in their sole discretion and without penalty; and delegate work to others.  The independent contractor agreements further provided that Plaintiffs would supply their own standard materials and tools for any work performed, and would maintain comprehensive general liability insurance, including coverage for physical injury to Plaintiffs or any employees retained by Plaintiffs to perform services on their behalf.  Moreover, while this case was pled as a collective action, almost all of Plaintiffs' independent contractor agreements contained dispute resolution provisions that included two or more of the following requirements: (1) Waiver of Jury Trial; (2) No Class Action Claims; or (3) Arbitration.

To avoid protracted and expensive litigation over these substantive and procedural issues, including but not limited to the need compel individual arbitrations for at least seven (7) of the Plaintiffs to this case, the Parties conducted mediation on January 14, 2015 with Hunter R. Hughes serving as Mediator (the

"Mediator"). Through mediation, Plaintiffs reached an agreement with Defendant to settle their claims in this case. The Parties are now seeking approval of the Settlement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiffs. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit; disputes Plaintiffs' entitlement to the amounts to be paid under this Settlement absent this Settlement; and disagrees with Plaintiffs as to, for example and without limitation, Plaintiffs' employment status with Defendant and the number of hours Plaintiffs allegedly worked for Defendant. Indeed, Defendant specifically denies that that it was Plaintiffs' employer and instead contends that Plaintiffs were at all times independent contractors of Defendant. Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from further litigation.

The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiffs' claims against Defendant with prejudice.

## II.     Legal Authority

### A. The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released.  First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353.  Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id*.

### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims. Due to the disputed facts between the Parties, the uncertainties of litigation, and the benefit to both Parties in avoiding the expense and time associated with further arbitration and/or litigation, the Parties have agreed to settle this matter.

The proposed Settlement arises out of an FLSA collective action brought by Plaintiffs against Defendant, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel. The Parties reached the Settlement following mediation before a highly experienced wage-hour mediator.

The Parties further agree that the Settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Specifically, the Parties disagree as to whether Plaintiffs were properly classified as independent contractors, as well as how many hours Plaintiffs allegedly worked assuming they should have been classified as non-exempt employees.

The Parties therefore engaged in settlement discussions, based upon their independent valuations of the case.  The Parties, through their attorneys and with the assistance of the Mediator, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  Plaintiffs and a representative of Defendant have signed the Settlement Agreement and Release of Claims setting forth the terms of the Settlement, a copy of which is attached hereto as Exhibit B.[1]  The Parties believe the Settlement reached is fair, reasonable, and

---

1 The Parties wish to keep the monetary Settlement amounts confidential. Therefore, the parties have redacted those figures in the Settlement Agreement

adequate and thus should be approved by the Court. The Parties are prepared to discuss the precise terms of the Settlement Agreement in a telephone conference with the Court, pursuant to the Court's Notice Regarding FLSA Cases. (Dkt. No. 4.)

### III. Conclusion

WHEREFORE, the Parties jointly and respectfully request that the Court approve the settlement agreement of the Parties, and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as Exhibit A.

This 15th day of March, 2016.

| | |
|---|---|
| /s/Benjamin B. Kandy | /s/Matthew R. Simpson |
| Benjamin B. Kandy | Matthew R. Simpson |
| Georgia Bar No. 765357 | Georgia Bar. No. 540260 |
| ben@bkandylaw.com | msimpson@laborlawyers.com |
| The Law Office of Benjamin B. Kandy, LLC | Edward N. Boehm, Jr. |
| | Georgia Bar No. 183411 |
| 534 Medlock Road | tboehm@laborlawyers.com |
| Suite 109 | Fisher & Phillips, LLP |
| Decatur, Georgia 30030 | 1075 Peachtree St. NE, Suite 3500 |
| (678) 824-2251 (Telephone) | Atlanta, GA 30309 |
| | (404) 231-1400 (Telephone) |
| | (404) 240-4249 (Facsimile) |

attached hereto as Exhibit B. The Parties are available at the Court's convenience for a phone conference, in which the Parties are prepared to discuss the monetary Settlement figures and all other settlement terms.

Mitchell Douglas Benjamin
Georgia Bar No. 049888
DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street, NW
3100 Centennial Tower
Atlanta, Georgia 30303
(404)979-3157 (Telephone)

*Counsel for Plaintiffs*

*Counsel for Endeavor Telecom, Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTY WHITFIELD )<br>FRED BACKMAN, EDWIN BLAINE, )<br>LEON BROWN, MARK FRAZIER, )<br>ERROL HART, DAVID JOHNSON, )<br>JOHNNY JOHNSON, JASON MILLS, )<br>DEXTER ROWLAND, )<br>DEVON THOMPSON, )<br>LOLITA WILLIAMS, individually and )<br>on behalf of all others similarly situated, )<br>)<br>　　　Plaintiffs, )<br>)<br>　vs. )<br>)<br>ENDEAVOR TELECOM, INC., )<br>)<br>　　　Defendant. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | Civil No. 1:15-cv-01959-LMM |

**PROPOSED ORDER APPROVING SETTLEMENT AND
DISMISSING THE ACTION WITH PREJUDICE**

This action came before the Court on the Parties' Joint Motion for an Order Approving Settlement and Dismissing the Action with Prejudice. (Doc. No. 12).

Therein, the parties properly sought Final Approval of the terms of their Settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353

(11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") (citations omitted).

Having reviewed the Joint Motion, the record, and the details of the settlement, the Court concludes that the terms of the settlement (1) are fair to the named Plaintiffs and Opt-in Plaintiffs (collectively "Plaintiffs"); (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; and (3) demonstrate a good-faith intention by the parties that the Plaintiffs' claims be fully and finally resolved.

Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; and (3) arrived at a fair and reasonable settlement of the attorneys' fees and costs of litigation.  *See generally, Lynn's Food Stores*, 679 F.2d at 1353.

Accordingly, the Motion is GRANTED and the settlement is hereby APPROVED by the court as a final, fair, adequate, and reasonable resolution of this Action.

IT IS FURTHER ORDERED that this matter be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this _____ day of _____, 2016.

_____
**UNITED STATES DISTRICT JUDGE**