UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTY WHITFIELD ) <br> FRED BACKMAN, EDWIN BLAINE, ) <br> LEON BROWN, MARK FRAZIER, ) <br> ERROL HART, DAVID JOHNSON, ) <br> JOHNNY JOHNSON, JASON MILLS, ) <br> DEXTER ROWLAND, ) <br> DEVON THOMPSON, ) <br> LOLITA WILLIAMS, individually and ) <br> on behalf of all others similarly situated, ) <br>  ) <br>     Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> ENDEAVOR TELECOM, INC., ) <br>  ) <br>     Defendant. ) | Civil No. 1:15-cv-01959-LMM |

## ~~PROPOSED~~ ORDER APPROVING SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE

This action came before the Court on the Parties' Joint Motion for an Order Approving Settlement and Dismissing the Action with Prejudice. (Doc. No. 12).

Therein, the parties properly sought Final Approval of the terms of their Settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court

1

may enter a stipulated judgment after scrutinizing the settlement for fairness.") (citations omitted). The Court held a telephonic hearing on the matter on March 28, 2016.

Having reviewed the Joint Motion, the record, and the details of the settlement and having conducted a hearing on the matter, the Court concludes that the terms of the settlement (1) are fair to the named Plaintiffs and Opt-in Plaintiffs (collectively "Plaintiffs"); (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; and (3) demonstrate a good-faith intention by the parties that the Plaintiffs' claims be fully and finally resolved.

Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; and (3) arrived at a fair and reasonable settlement of the attorneys' fees and costs of litigation. *See generally, Lynn's Food Stores*, 679 F.2d at 1353.

The only issue the Court has with the settlement is the confidentiality provision contained in Paragraph 3 of the agreement. The Court finds that Paragraph 3 impermissibly frustrates the implementation of the FLSA and is therefore **STRICKEN** from the agreement.

Subject to the Court's ruling as to Paragraph 3, the Motion is GRANTED and the settlement is hereby APPROVED by the Court as a final, fair, adequate, and reasonable resolution of this Action.

IT IS FURTHER ORDERED that this matter be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 1st day of April, 2016.

_____
Leigh Martin May
**UNITED STATES DISTRICT JUDGE**